### THE STATE, GILBERT D. BOGART ET AL., PROSECUTORS, v. THE CITY OF PASSAIC.

1. An improvement commenced under the act of March 21st, 1871, for revising and amending the act to incorporate the village of Passaic, (*Laws of* 1871, *p.* 619,) is not an "improvement in said city," within the meaning of section 83 of the act to incorporate the city of Passaic, approved April 2d, 1873.
2. Mere informalities or irregularities in proceedings under the former, are cured by section 84 of the latter act.
3. A report by commissioners under section 20 of the act of 1871, certifying that they *had assessed*, &c., substantially in the language of the act, *held* not sufficient of itself to show that the assessment was not in excess of the benefits.

On *certiorari* to remove the assessment for the opening and grading of Lafayette avenue, from Grant street to the River road, in the city of Passaic.

Argued at February Term, 1875, before Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the prosecutors, *Comstock* and *Hoxsey.*

For the defendants, *T. M. Moore.*

The opinion of the court was delivered by

WOODHULL, J.   This writ is brought to set aside an assessment in the matter of the opening and grading of Lafayette avenue, from Grant street to the River road, in the city of Passaic.

The proceedings were under sections 19 and 20 of the act of March 21st, 1871, for revising and amending the act to incorporate the village of Passaic, &c.   (*Laws,* 1871, *p.* 619.)

The ordinance authorizing the improvement was adopted February 26th, 1872; a preliminary assessment was filed April 13th, 1872; the final report and assessment were con-

firmed August 31st, 1874, and the writ was applied for and allowed December 1st, 1874.

It is insisted on the part of the city, that the writ should be dismissed on the ground that it was not applied for within the time limited by section 83 of the act of April 2d, 1873, viz., three months after the confirmation of the assessment.

To this the prosecutors reply that the writ was, in fact, applied for within the time, but insist, that whether it was or not, it can make no difference in the present case, because the proceedings brought up by it are not within the operation of the section referred to.

These proceedings, as already stated, were commenced under the act of March 21st, 1871, and the improvement contemplated was, of course, an improvement in the *village*, and not in the *city* of Passaic.

Section 92 of the act of April 2d, 1873, provides that any proceedings had or commenced under the act of 1871, shall proceed and be continued the same as if the act of 1873 had not been passed, except as in said act otherwise specifically provided.

Under the operation of this section, an improvement commenced under the act of 1871, must be regarded as having been completed under that act, and (in the absence of any specific provision to the contrary) as retaining to the end its original character.

It is suggested that such a provision is contained in section 83, viz.: "That no writ of *certiorari* shall be allowed, or issue, to remove any assessment for any improvement in said city, unless the same be applied for within three months after the confirmation of such assessment by the city council."

The operation of this section, it is urged on the part of the city, is not confined to assessments made under the provisions of the act of 1873, but extends to every assessment made in the city of Passaic, which the city council, a body created by that act, should confirm. This view of the section in question is certainly plausible, but, I think, not correct. It assumes what cannot be conceded, viz.: that every such

assessment must necessarily be *an assessment for an improvement in said city,* for this is plainly the only kind of assessment to which that section can apply. But it follows, from what has been said, that the assessment in this case is not for an improvement in said city, within the meaning of the 83d section, and that it is, in legal effect and in the sense of the act of 1873, for an improvement in the village of Passaic.

The result being that section 83 of the act to incorporate the city of Passaic was intended to apply exclusively to proceedings having their inception under that act, the reason assigned for dismissing the writ in this case is not sustained.

This brings us to the consideration of the reasons relied on by the prosecutors for setting aside these proceedings. Of the various reasons assigned, some go the validity of the ordinances, others to the regularity of the appointment of commissioners, and others still to the principles of the assessment.

As to the first class of objections, it is sufficient to say, that the work having been completed, it is now too late to take exception to the ordinance ; and as to the second class, that all failures to comply with the provisions of the act of 1871, amounting merely to informalities or irregularities, and not involving a violation of any fundamental principle of law, are cured by section 84 of the act of 1873. *State, Pudney, pros.,* v. *Village of Passaic,* 8 *Vroom* 65 ; *State, Del., Lack. and West. R. R.* v. *The Village of Passaic, Ib.* 137.

The third class of objections, viz. : those which relate to the principle of the assessment, are well taken.

Section 20 of the act of 1871 prescribes the rule to be observed by the commissioners in making their assessment. It provides, that the expenses of the improvement shall be assessed upon the land and real estate benefited, in proportion to the benefit received. The commissioners, in their report, certify that they have assessed, &c., substantially in the language of the act. This might, at first view, seem to exclude the idea of any departure from the prescribed rule ;

but such is not its legal effect. For while the language of the act, by a necessary legal presumption, imports a limitation of the amount of the assessment to the benefits received, no such presumption arises with respect to the same language employed by the commissioners. Coming from them, it amounts to no more than the statement of a conclusion of law, without the facts necessary to warrant such conclusion.

The result is, that it does not appear, from the report and proceedings of the commissioners, that the assessment in this case was not in excess of the benefits, and it must, therefore, on the authority of the case of *The Village of Passaic* v. *State, Del., Lack. and West. R. R. Co.*, 8 *Vroom* 538, be set aside.